**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

———————————————————— :
                                              :
WILLIAM POKU,                                 :
                                              :      Civil Action No. 08-0209 (JAP)
                    Plaintiff,                :
         v.                                   :
                                              :      **OPINION**
                                              :
WILLIAM HIMELMAN, et al.,                     :
                                              :
                    Defendants.               :
———————————————————— :

PISANO, District Judge:

 Plaintiff, William Poku, proceeding *pro se*, brings this action seeking damages and injunctive relief.  Before the Court are separate motions to dismiss filed by Defendants Himelman and Kreizman, both of whom argue they are immune from suit by virtue of judicial immunity.  For the reasons below, both motions are granted.

**I. Factual Background**

 Mr. Poku alleges numerous state and federal claims arising out of the January 12, 2006 impoundment of his motor vehicle and the subsequent, related judicial proceedings.  On January 12, 2006, Defendant Sergeant Joseph Milko of the Red Bank Police Department directed that the vehicle be towed (by Defendant Central Jersey Towing) and impounded after determining that it was unregistered.  Subsequently, Poku was issued a summons for having an unregistered vehicle in violation of N.J.S.A. § 39:3-4.[1]  Poku pleaded not guilty to the offense and a trial was held in

---

[1] The statute states, in relevant part, "every resident of this State and every nonresident whose automobile or motorcycle shall be driven in this State shall, before using such

1

June 2006.  Defendant Milko and a second police officer[2] testified for the state and Plaintiff did

not testify in his own defense.  On June 22, 2006, Defendant Red Bank Municipal Court Judge

William Himelman, J.M.C., found Poku guilty of having an unregistered vehicle, and imposed a

fine of $56 and court costs of $33.  After filing an application to stay imposition of the fine, Poku

appealed to the New Jersey Superior Court, Law Division, and the matter was transferred to

Defendant Judge Ira Kreizman, J.S.C.  After holding a *de novo* trial, Judge Kreizman overturned

Poku's conviction for having an unregistered vehicle but found Plaintiff guilty of failing to

exhibit his motor vehicle, in violation of N.J.S.A. § 39:3-29.[3]  Judge Kreizman denied Poku's

motion for reconsideration on November 27, 2006.  Throughout 2007, Poku filed a series of

motions with the New Jersey Superior Court, Appellate Division, and the New Jersey Supreme

---

vehicle on the public highways, register the same, and no automobile or motorcycle shall be
driven unless so registered. . . . No person owning or having control over any unregistered
vehicle shall permit the same to be parked or to stand on a public highway.  Any police officer is
authorized to remove any unregistered vehicle from the public highway to a storage space or
garage, and the expense involved in such removal and storing of the vehicle shall be borne by the
owner of the vehicle, except that the expense shall be borne by the lessee of a leased vehicle.
Any person violating the provisions of this section shall be subject to a fine not exceeding $100."

   [2]  Identified as Lieutenant Darren McConnell.

   [3]  The statute states, in relevant part, "[t]he driver or operator shall exhibit his
driver's license and an insurance identification card, and the holder of a registration certificate or
the operator or driver of a motor vehicle for which a registration certificate has been issued,
whether or not the holder, driver or operator is a resident of this State, shall also exhibit the
registration certificate, when requested so to do by a police officer or judge, while in the
performance of the duties of his office, and shall write his name in the presence of the officer, so
that the officer may thereby determine the identity of the licensee and at the same time determine
the correctness of the registration certificate, as it relates to the registration number and number
plates of the motor vehicle for which it was issued; and the correctness of the evidence of a
policy of insurance, as it relates to the coverage of the motor vehicle for which it was issued. Any
person violating this section shall be subject to a fine of $150, except that if the person is a driver
or operator of an omnibus, as defined pursuant to R.S.39:1-1, the amount of the fine shall be
$250."

Court, and it appears that state court proceedings remain ongoing.

Poku filed the instant eleven-count, thirty-six page Complaint on January 11, 2008, against four public officials, one private company, and the Borough of Red Bank,[4] alleging violations of various constitutional rights as well as other state law causes of action. In lieu of filing Answers, Judge Himelman and Judge Kreizman move separately to dismiss the claims against them. Both defendants are sued in their official and individual capacities.

## II. Discussion

### A. Standard of Review Under 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1964-65 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the

---

[4]     The Borough of Red Bank was dismissed as a defendant in this action by this Court's Order dated July 7, 2008 (Docket Entry No. 13).

"[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

**B.     Analysis**

Defendants Judge Himelman and Judge Kreizman each argue separately that Plaintiff's claims against them are barred by the doctrine of absolute judicial immunity.  Generally, a judicial officer in the performance of his duties is entitled to absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Judicial immunity extends to both superior court judges, like Judge Kreizman, as well as municipal court judges like Judge Himelman, notwithstanding the fact that municipal courts are of only limited jurisdiction.  *See id.* at 355-56; *Figueroa v. Blackburn*, 208 F.3d 435, 438 (3d Cir. 2000).

There are only two circumstances where a judge's immunity from civil liability may be overcome.  These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity.  The first exception is where a judge engages in "nonjudicial acts, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11-12.  The second exception involves actions that, though judicial in nature, are taken "in the complete absence of all jurisdiction." *Id.*  Plaintiff appears to argue that these exceptions apply in the present case, though devotes the majority of his briefs advancing vague arguments critiquing the fairness of the judicial immunity doctrine.

Looking first to the "nonjudicial act" exception to judicial immunity, the Supreme Court

4

has noted that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.  Notably, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 13.  Applying these factors to the present case, the Court notes that it is undeniable that the rendering of a guilty verdict in a bench trial is a "function normally performed by a judge."  Therefore, it is clear that Judge Himelman was performing a judicial act when he found Poku guilty of violating N.J.S.A. § 39:3-4, that Judge Kreizman was performing a judicial act when he overruled Judge Himelman's decision and found Poku guilty of a different offense, and that both judges' actions were "functions normally performed by a judge." Furthermore, it cannot be disputed that Poku's expectations were that he would deal with each defendant in his judicial capacity because Poku came before Judge Himelman for the purpose of contesting the unregistered vehicle summons, and came before Judge Kreizman in order to appeal Judge Himelman's determination.

Therefore, judicial immunity will shield the complained-of conduct of both defendants unless Poku can demonstrate the second exception – that the defendants acted in the complete absence of all jurisdiction.  This Court finds the second exception is inapplicable in the present case.  It is clear that Judge Himelman possessed subject matter jurisdiction over the summons issued to Poku for violation of N.J.S.A. § 39:3-4.  In New Jersey, "a municipal court has jurisdiction over the following cases within the territorial jurisdiction of the court: . . . [] Violations of the motor vehicle and traffic laws..."  N.J.S.A. § 2B:12-17.  N.J.S.A. § 39:3-4 is unquestionably a motor vehicle law, and Judge Himelman therefore clearly possessed jurisdiction

over the matter, regardless of whether he was correct in the subsequent adjudication finding Poku guilty of violating the statute.  Therefore, this Court finds that the judicial immunity afforded to Judge Himelman has not been overcome, and all claims against him are dismissed.

Judge Kreizman also clearly acted within the bounds of the jurisdiction afforded to the Superior Court and is thus entitled to judicial immunity.  Poku appealed Judge Himelman's decision pursuant to New Jersey Court Rules 4:74-3 and 7:13-1, which vest jurisdiction for appeals from decisions of Municipal Court judges in the Superior Court, Law Division.  Further, Judge Kreizman acted within his jurisdiction by reversing Judge Himelman's decision but finding Poku guilty of N.J.S.A. § 39:3-29 because he found, after a *de novo* review, that the facts established satisfactorily demonstrated guilt.  Plaintiff characterizes Kreizman's decision to find him guilty of N.J.S.A. § 39:3-29 as "unusual" because the offense had not "even been alleged let alone charged in the proceedings below."  (Compl. ¶ 139.)  Unusual or incorrect as it may have been, Judge Kreizman's entitlement to absolute judicial immunity has not been overcome.

## III.   Conclusion

For the reasons described above, all claims against Defendants Himelman and Kreizman are dismissed with prejudice.  An appropriate Order accompanies this Opinion.

/      s/      JOEL A. PISANO
United States District Court Judge

Dated:  January 7, 2009

6