**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM POKU, | : |
| Plaintiff, | : Civil Action No. 08-209 (JAP) |
| v. | : |
| | : **OPINION** |
| HON. WILLIAM HIMELMAN, et al., | : |
| Defendants. | : |

PISANO, District Judge:

Presently before the Court is a motion for summary judgment by Defendants Officer Joseph Milko and Chief Mark Fitzgerald (collectively, the "Officers"), (Docket Entry no. 45), and Plaintiff William Poku's motion for "interlocutory summary judgment on liability," (Docket Entry no. 52), and motion for leave to supplement moving papers, (Docket Entry no. 53). For the reasons that follow, the Court finds that Plaintiff's federal claims do not survive the Officers' motion for summary judgment and, therefore, the Officer's motion is granted and Plaintiff's motion for summary judgment is denied.

I.  Procedural History

On January 11, 2008, Plaintiff, proceeding *pro se*, filed a complaint in this Court against the Honorable William Himelman and the Honorable Ira Kreizman, in their official and individual capacities; Central Jersey Towing; Officer Joseph Milko and Chief Mark Fitzgerald of the Red Bank Police Department, in their official and individual capacities; the Boro of Red Bank; and alleged John Does and Jane Does who were co-conspirators. (Compl. ¶¶ 4-14).

Among other relief, Plaintiff seeks damages totaling $600,000 for defamation, mental anguish, and/or damage to electronic equipment that was allegedly in the back seat of his vehicle when it was towed in the incident at issue.  On July 7, 2008, the Court granted Red Bank's unopposed motion to dismiss.  (Docket Entry no. 13).  On January 7, 2009, the Court granted motions to dismiss by Defendants Himelman and Kreizman under a theory of judicial immunity.  (Docket Entry nos. 28 & 29).

Defendants Milko and Fitzgerald filed their motion for summary judgment on April 23, 2010, (Docket Entry no. 44), to which Plaintiff responded on May 14, 2010, (Docket Entry no. 46), eleven days after it was due.  Plaintiff then filed papers on May 21, 2010, (Docket Entry no. 48), which appear to be in support of a later filed interlocutory cross-motion for summary judgment on liability, (Docket Entry no. 52).  On July 1, 2010, Plaintiff filed a motion for leave to supplement moving papers with an improved and consolidated brief in support of his motion for summary judgment.  (Docket Entry no. 53).  The Court held a settlement conference on October 4, 2010, (Docket Entry no. 62), at which it granted Plaintiff's motion for leave to supplement after the parties were unable to reach a settlement.

II.   Factual Background

Plaintiff alleges numerous state and federal claims arising from the January 12, 2006 impoundment of his motor vehicle and the subsequent, related judicial proceedings.  On January 12, 2006, Defendant Officer Joseph Milko of the Red Bank Police Department directed that the vehicle be towed (by Defendant Central Jersey Towing (otherwise described in the pleadings as "Central Towing & Recovery" or "CTR") and impounded after determining that it was unregistered.  Subsequently, Plaintiff was issued a summons for having an unregistered vehicle

in violation of N.J.S.A. § 39:3-4.[1] Plaintiff pleaded not guilty to the offense and a trial was held in June 2006. Defendant Milko and a second police officer[2] testified for the State and Plaintiff did not testify in his own defense. On June 22, 2006, Defendant Red Bank Municipal Court Judge William Himelman, J.M.C., found Plaintiff guilty of having an unregistered vehicle, and imposed a fine of $56 and court costs of $33. After filing an application to stay the imposition of the fine, Plaintiff appealed to the New Jersey Superior Court, Law Division, and the matter was transferred to Defendant Judge Ira Kreizman, J.S.C. After holding a *de novo* trial, Judge Kreizman overturned Plaintiff's conviction for having an unregistered vehicle but found Plaintiff guilty of failing to exhibit his motor vehicle registration, in violation of N.J.S.A. § 39:3-29.[3] Judge Kreizman denied Plaintiff's motion for reconsideration on November 27, 2006. Throughout 2007, Plaintiff filed a series of motions with the New Jersey Superior Court,

---

[1] The statute states, in relevant part, "every resident of this State and every nonresident whose automobile or motorcycle shall be driven in this State shall, before using such vehicle on the public highways, register the same, and no automobile or motorcycle shall be driven unless so registered. . . . No person owning or having control over any unregistered vehicle shall permit the same to be parked or to stand on a public highway. Any police officer is authorized to remove any unregistered vehicle from the public highway to a storage space or garage, and the expense involved in such removal and storing of the vehicle shall be borne by the owner of the vehicle, except that the expense shall be borne by the lessee of a leased vehicle. Any person violating the provisions of this section shall be subject to a fine not exceeding $100."

[2] Identified as Lieutenant Darren McConnell.

[3] The statute states, in relevant part, "[t]he driver or operator shall exhibit his driver's license and an insurance identification card, and the holder of a registration certificate or the operator or driver of a motor vehicle for which a registration certificate has been issued, whether or not the holder, driver or operator is a resident of this State, shall also exhibit the registration certificate, when requested so to do by a police officer or judge, while in the performance of the duties of his office, and shall write his name in the presence of the officer, so that the officer may thereby determine the identity of the licensee and at the same time determine the correctness of the registration certificate, as it relates to the registration number and number plates of the motor vehicle for which it was issued; and the correctness of the evidence of a policy of insurance, as it relates to the coverage of the motor vehicle for which it was issued. Any person violating this section shall be subject to a fine of $150, except that if the person is a driver or operator of an omnibus, as defined pursuant to R.S.39:1-1, the amount of the fine shall be $250."

Appellate Division, and the New Jersey Supreme Court.  On June 12, 2008, the New Jersey Supreme Court denied Plaintiff's petition for certification with costs and denied Plaintiff's motion for summary disposition.

III.   Standard of Review

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The district court must determine whether disputed issues of material fact exist, but the court cannot resolve factual disputes in a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In determining whether a genuine issue of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Stephens v. Kerrigan,* 122 F.3d 171, 176-77 (3d Cir. 1997).  The moving party always bears the initial burden of demonstrating the absence of a genuine issue of material fact, regardless of which party ultimately would have the burden of persuasion at trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Once the moving party has met its opening burden, the non-moving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  *Id.* at 324.  Thus, the non-moving party may not rest upon the mere allegations or denials of its pleadings.  *Id.*  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

Once the moving-party has demonstrated to the court the absence of a material fact at issue, the Supreme Court has stated that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts...." *Matsushita,* 475 U.S. at 586-87 (citations omitted). In other words, "[i]f the evidence [submitted by the non-moving party] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (citations omitted).

The Supreme Court has specifically recognized that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses, and [ ] that [the rule] should be interpreted in a way that allows it to accomplish this purpose." *Celotex,* 477 U.S. at 323-24. Thus, "[w]hen the record is such that it would not support a rational finding that an essential element of the non-moving party's claim or defense exists, summary judgment must be entered for the moving party." *Turner v. Schering-Plough Corp.,* 901 F.2d 335, 341 (3d Cir. 1990).

IV.   Discussion

Plaintiff provides eleven counts in his complaint. The Court can discern several claims asserted throughout the counts.[4]

A.   Section 1983 Claims

Plaintiff first asserts a claim under 42 U.S.C § 1983. Section 1983 provides a remedy when a constitutionally protected right has been violated by a party acting under the color of

---

[4]  Due to the mandate to construe the pleadings of *pro se* litigants liberally, *Dluhos v. Strasberg,* 321 F.3d 365, 369 (3d Cir. 2003), the Court construes Plaintiff's counts as including five federal claims: three violations of civil rights under Section 1983, malicious prosecution, and conspiracy.

state law.[5] *Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S. Ct. 2427, 2432 (1985). To succeed on a claim under Section 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988). In the present case, the Officers do not dispute that they were acting under the color of state law at the time of the incident in question. Plaintiff, on the other hand, alleges that his rights under the Fourth and Fourteenth Amendments were violated.[6] Specifically, Plaintiff asserts that (1) his property was unreasonably seized, (2) he was denied his liberty and property without due process, and (3) he was denied equal protection under the law.

1. Plaintiff claims that his property was unreasonably seized.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, seizures are considered reasonable only when executed pursuant to a warrant based on probable cause, unless they fall within an exception to the warrant requirement. *Katz. v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 476 (1967). A search or seizure may fall under an exception to the warrant requirement when the police are engaged their "community caretaking" function, which is "totally divorced from the detection, investigation, or acquisition

---

[5] The statute states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[6] Plaintiff also asserts that his rights under the Fifth Amendment were violated. The Fifth Amendment applies only to federal government actors. *Barron v. Baltimore*, 32 U.S. (7 Pet.) 243 (1833). In the instant case, Plaintiff asserts no claims against federal government actors. Therefore, any claims under Section 1983 related to a violation of Plaintiff's Fifth Amendment rights are dismissed with prejudice.

of evidence relating to the violation of a criminal statute." *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S. Ct. 2523 (1973). The Third Circuit has noted:

> The community caretaking exception recognizes that the police perform a multitude of community functions apart from investigating crime. In performing this community caretaking role, police are expected to aid those in distress, combat actual hazards, prevent potential hazards from materializing and provide an infinite variety of services to preserve and protect public safety.

*United States v. Smith*, 522 F.3d 305, 313 (3d Cir. 2008) (quoting *United States v. Coccia*, 446 F.3d 233, 238 (1st Cir. 2006)) (internal citations and quotation marks omitted). Furthermore, the Third Circuit has recognized that the community caretaking function "encompasses law enforcement's authority to remove vehicles that impede traffic or threaten public safety and convenience." *Id.* As such, a police officer's reasonable impoundment of a vehicle is permissible under the Fourth Amendment. *See id.* at 314 (adopting a "reasonableness" standard for impoundment under the community caretaking exception).

In the present case, Officer Milko's impounding of Plaintiff's car was reasonable. N.J.S.A. 39:3-4 states in plain language that "[a]ny police officer is authorized to remove any unregistered vehicle from the public highway to a storage space or garage." According to the evidence submitted at the June 22, 2006 hearing, Officer Milko checked the license plate of Plaintiff against the New Jersey Motor Vehicle Commission's database when he arrived on the scene and ascertained that the vehicle's registration had expired some three and a half months prior. Any reasonable interpretation of the statute provides a sound basis for Officer Milko to proceed pursuant to the statute by having Plaintiff's vehicle removed from the street and impounded.

Plaintiff appears to assert in his complaint that the impoundment was unreasonable because it was motivated by racial animus. (Compl. ¶¶ 33-34). He reiterates this allegation

throughout his cross-motion for summary judgment. Besides his bald assertions of discrimination, however, Plaintiff provides no further evidence of improper racial motivation by the Officers for the impoundment. Though he introduces allegations of a pattern of harassment in his cross-motion for summary judgment, the Court concludes that the record could not support a rational finding that the Officers were motivated by racial animus. Therefore, summary judgment must be granted in favor of Defendants.

        2. Plaintiff claims that he was denied his liberty and property without due process.[7]

To state a claim for a violation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Although Plaintiff alleges that he was deprived of his liberty during the incident at issue, he asserts no facts in his complaint to support this allegation. Therefore, this claim cannot survive. Plaintiff's claim that he was deprived of his property without due process of law also fails. It is clear from the procedural history that Plaintiff has so far participated in two trials regarding the impoundment of his vehicle and his subsequent fine. Thus, summary judgment on the due process claims must be granted in favor of Defendants. *See City of Los Angeles v.*

---

[7] It is unclear from the Complaint whether Plaintiff is also alleging violations of his substantive due process rights. The Court notes, however, that Defendants' conduct was not "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience," as required to sustain a substantive due process claim. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 427 (3d Cir. 2003). Neither, as stated previously, has Plaintiff provided any significantly probative evidence that Defendants' actions "were in fact motivated by bias, bad faith or improper motive." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 590-91 (3d Cir. 1998).

*David*, 538 U.S. 715, 123 S. Ct. 1895 (2003) (finding that due process is satisfied in Section 1983 claim when post-deprivation hearing is held); *see also Shipley v. Orndoff*, 491 F. Supp. 2d 498, 507-08 (D. Del. 2007) (discussing impoundment cases where "post-deprivation hearings have been found to satisfy due process.").

        3. Plaintiff claims he was denied equal protection under the law.

The Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. To state a claim under the equal protection clause, Plaintiff must show that he received "different treatment from that received by other individuals similarly situated." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S. Ct. 3249 (1985)). Plaintiff has failed to produce evidence that he was treated differently from others. In his cross-motion for summary judgment, Plaintiff appears to claim that Defendants targeted his vehicle for impoundment while "the new immigrants with foreign plates . . . seem to be invisible to the police." (Pl.'s Br. at 18). Yet Plaintiff provides no evidence that "the new immigrants" have violated any motor vehicle laws in New Jersey while remaining exempt from impoundment, which may render Defendants' impounding of Plaintiff's vehicle an unequal application of the laws. Furthermore, as discussed above, Plaintiff has failed to put forth any facts showing that the impounding of his car was motivated by a discriminatory purpose. For these reasons, Plaintiff's claims for equal protection violations also do not survive this motion for summary judgment.

    B. Malicious Prosecution Claim

Plaintiff asserts claims of malicious prosecution and abuse of process against the Officers. To prevail on a malicious prosecution claim under Section 1983, a plaintiff must show:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). Plaintiff's claim cannot be sustained because the underlying criminal proceeding did not end in his favor. Although the ruling that he violated N.J.S.A. 39:3-4 was overturned, Plaintiff was found guilty of failing to exhibit his motor vehicle registration, in violation of N.J.S.A. § 39:3-29, in the same criminal proceeding for the same underlying conduct. Therefore, the malicious prosecution claim cannot survive the motion for summary judgment. *See Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009) (dismissing claim for malicious prosecution when the judgment did not indicate plaintiff's innocence of the alleged misconduct underlying the charged offenses).

    C.  Conspiracy Claims

Construing Plaintiff's complaint liberally, he also asserts a conspiracy in violation of his civil rights under 42 U.S.C. § 1985(3). To sustain a claim under Section 1985, Plaintiff must show:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). Plaintiff's Section 1985 claims fail as well. Plaintiff's proof of a conspiracy involve unsupported allegations of association between Officer Milko and the towing company, and Chief Fitzgerald and an individual named Joyce Williams, who is unrelated to the incident at issue. He alleges no acts in furtherance of the alleged conspiracy, nor, as discussed above, has he provided facts demonstrating that a discriminatory

animus motivated this alleged conspiracy. Therefore, the motion for summary judgment must be granted in Defendants' favor regarding the claims under Section 1985.[8]

D. State Law Claims

Having dismissed Plaintiff's federal civil rights claims, no federal claims remain in this case.[9] The claims that remain are negligence, abuse of process, intentional infliction of emotional distress, and New Jersey Civil Rights Act violations.[10] "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). *See also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 106 (3d Cir.1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no

---

[8] For the same reasons, Plaintiff's conspiracy claim against the towing company must be dismissed.

[9] The Court recognizes here that Plaintiff also asserted the same federal civil rights claims against the towing company involved in the incident in question, CTR. These claims, however, do not survive as to CTR. Though CTR, acting under the direction and in the presence of the police, may well qualify as a state actor under Section 1983, it follows that it cannot be held liable in the present case when the police are not found to be liable. *See Mays v. Scranton City Police Dep't*, 503 F. Supp. 1255, 1264 (M.D. Pa. 1980) ("The tower merely holds the vehicle and seeks compensation for his services. His concern is not with the validity of the tow. If the removal is found illegal, the tower may presumably look to the city for remuneration; if the tow is valid, he may retain the vehicle until its owner makes payment. Thus, the real controversy is between the city law enforcement agency and the vehicle owner."). Therefore the Court must dismiss the federal civil rights complaints against CTR as well.

[10] The Court notes that the original claims that were originally in the complaint included trespass, which was asserted against Defendants Himelman and Kreizman and thus dismissed earlier.

longer belongs in federal court."); *Bright v. Westmoreland County*, 380 F.3d 729, 751 (3d Cir. 2004) ("[A]bsent extraordinary circumstances, where the federal causes of action are dismissed the district court should 'ordinarily refrain from exercising pendent jurisdiction [over the state law claims].'") (quoting *Rolo v. City Investing Co. Liquidating Trust*, 845 F. Supp. 182, 215 (D.N.J. 1993)). Importantly, as pointed out by the Supreme Court, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130 (1966).

Upon reviewing the record in this case, the Court finds that there are no extraordinary circumstances that would warrant exercising supplemental jurisdiction over the state law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining claims in this case.

V. Conclusion

For the reasons above, the Officers' motion for summary judgment is granted and Plaintiff's cross-motion for summary judgment is denied. All claims against the Officers in Plaintiff's complaint over which the Court had original jurisdiction are dismissed pursuant to the Officers' motion, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims asserted against any Defendants in this matter. Consequently, Plaintiff's complaint is dismissed in its entirety. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 15, 2010