**Not for publication**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM POKU, | : | |
| Plaintiff, | : | Civil Action No. 08-209 (JAP) |
| v. | : | |
| | : | **OPINION** |
| HON. WILLIAM HIMELMAN, et al., | : | |
| Defendants. | : | |

PISANO, District Judge:

Presently before the Court is *pro se* Plaintiff William Poku's motion for reconsideration, filed pursuant to New Jersey Local Civil Rule 7.1(i). In an Order dated December 15, 2010, the Court granted the motion for summary judgment filed by Defendants Officer Joseph Milko and Chief Mark Fitzgerald (collectively, the "Officers"), denied Plaintiff's motion for "interlocutory summary judgment on liability," declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed Plaintiff's Complaint in its entirety. Plaintiff moves the Court to reconsider its Order dated December 15, 2010. The Officers oppose the motion. For the reasons that follow, Plaintiff's motion will be denied.

Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Carmichael v. Everson*, 2004 WL 1587894, *1 (D.N.J. 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.,* 825 F. Supp. 1216, 1220 (D.N.J. 1993); *North River Ins. Co. v.*

*CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Id.* (internal quotation marks omitted).

The Court finds that Plaintiff has not met the high burden of establishing adequate grounds for reconsideration. Plaintiff has not asserted that an intervening change in the controlling law has occurred or that evidence not previously available has become available; instead, he claims that there was a "blatant violation of the Constitution" that was not addressed in the Court's Order or accompanying Opinion dated December 15, 2010. Pl. Br. 1. Plaintiff's car was towed and impounded on January 12, 2006 after Defendant Officer Joseph Milko of the Red Bank Police Department determined that it was unregistered.[1] Plaintiff was originally found guilty in municipal court of having an unregistered vehicle, but Judge Kreizman of the New Jersey Superior Court overturned Plaintiff's conviction and instead found Plaintiff guilty of the lesser included offense of failing to exhibit his motor vehicle registration. Plaintiff's argument in his motion for reconsideration is that Judge Kreizman's finding of his guilt for a crime for which he was not originally charged was a violation of his Constitutional rights.

The Court notes first that Plaintiff's argument is inapposite to any reconsideration of the Order granting the Officers' motion for summary judgment. Judge Kreizman was dismissed as a defendant in this case by an earlier Order dated January 7, 2009. New Jersey Local Civil Rule 7.1(i), which governs motions for reconsideration, states that such motions "shall be served and filed within 14 days after the entry of the order or judgment on the original motion." The instant

---

[1] This is a brief version of the facts relevant to the instant motion. A more complete set of facts is included in the Court's Opinion dated December 15, 2010.

2

motion was filed on December 29, 2010.  To the extent Plaintiff challenges the Court's dismissal of Judge Kreizman in this motion, he is well beyond the time limit provided by the rules.

Furthermore, Plaintiff's argument is a mere recapitulation of an argument he presented earlier in this case, and one that was specifically addressed by the Court in its dismissal of Judge Kreizman.  *See* Opinion dated January 7, 2009 ("Plaintiff characterizes Kreizman's decision to find him guilty of N.J.S.A. § 39:3-29 as "unusual" because the offense had not "even been alleged let alone charged in the proceedings below." (Compl. ¶ 139.) Unusual or incorrect as it may have been, Judge Kreizman's entitlement to absolute judicial immunity has not been overcome.").  Finally, the Court notes that Judge Kreizman's decision was an exercise in the long recognized lesser included offense doctrine and thus satisfied the requirements of the United States Constitution.  *See State v. Farrad*, 164 N.J. 247, 264, 753 A.2d 648, 657 (2000) ("The common law doctrine that a defendant may be found guilty of a lesser offense necessarily included in the greater offense charged in the indictment is well recognized in our State.").

Accordingly, because Plaintiff has not met the high burden of establishing adequate grounds for reconsideration, this motion must be denied.  An appropriate order will issue.


/s/ JOEL A. PISANO
United States District Judge

Dated: June 9, 2011

3